IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>BETSY DEVOS, Secretary; UNITED STATES DEPARTMENT OF EDUCATION; DEFAULT RESOLUTION GROUP; NELNET; and ACTION FINANCIAL SERVICES,<br><br>Defendants. | 8:20CV61<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a resident of Nevada, has sued the United States Department of Education, Education Secretary Betsy DeVos, the Department's Default Resolution Group, and two private companies located in Nebraska and Oregon. (Filing 1 at CM/ECF pp. 3–4, ¶¶ 6–11.). Over time, plaintiff allegedly has obtained student loans from "Sallie Mae, Brown University, . . . U.S. Department of Education, Southwest Student Services Corporation, Access Group/KHESLC, and/or Mohela Corporation." (*Id.* at CM/ECF p. 10, ¶ 49.) Plaintiff alleges, *inter alia*, that those now "consolidated student loans . . . have . . . apparently been classified as 'defaulted'," and the Treasury Offset Program (TOP) "has allowed the U.S. Department of Education to garnish at least 15% of the plaintiff's disability check from the Social Security Administration (SSA)." (*Id.*, ¶¶ 50–51).

Plaintiff alleges he has "tried to get this garnishment . . . stopped through the [Defendants] Default Resolution Group, NelNet, and Action Financial Services, but none of these agencies have been able to help [him] get his student loans discharged and/or forgiven because of permanent disability and/or economic hardship." (*Id.* at CM/ECF pp. 10–11, ¶ 52). In his nine-count Complaint, Plaintiff claims breach of contract (count one), constitutional violations (counts two through four), violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (ADA) (counts five and six), and tortious conduct (counts seven through nine). (*Id.* at CM/ECF pp. 11–22, ¶¶ 56–89.) Plaintiff seeks $250,000 in monetary damages and "an injunction . . . mandating that the five defendants cease and desist" garnishment of his disability check. (*Id.* at CM/ECF pp. 22–24.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard

2

than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States and its agencies may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Congress has not waived the federal government's immunity from lawsuits based on constitutional violations. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994). Nor has it waived the Department of Education's sovereign immunity as to injunctive relief. The Higher Education Act of 1965 specifically provides that "no . . . injunction . . . shall be issued against the Secretary or property under the Secretary's control." 20 U.S.C. § 1082(a)(2); *see Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988) (agreeing that "this provision prohibits [a] claim for injunctive relief" against the Education Secretary).

As for the federal statutory claims, plaintiff has not established his standing to sue, which also "is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). The "purpose of Title VII is to protect employees from their employers' unlawful actions," *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011), but plaintiff has alleged no facts from which it may be found or reasonably inferred that he is a "person . . . aggrieved by an unlawful employment practice." *Fair Employment Council of Greater Washington, Inc. v. BMC Mktg.*

3

*Corp.*, 28 F.3d 1268, 1278 (D.C. Cir. 1994) (internal quotation marks omitted). The ADA, moreover, does not apply to the federal government. *See Emrit v. Nat'l Institutes of Health*, 157 F. Supp. 3d 52, 55 n.3 (D.D.C. 2016), citing 42 U.S.C. § 12111(2), (5)(B)(i) (excluding United States as an "employer" subject to the ADA). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, which plaintiff also invokes, waives the federal government's immunity for certain personal injury claims for damages. But before proceeding in federal court, the complainant must have first presented the claim "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition. 28 U.S.C. § 2675(a). Nothing in the complaint suggests that plaintiff has pursued his administrative remedy under the FTCA, and under the law in this circuit, the presentment requirement is "jurisdictional." *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (en banc).

Apart from the jurisdictional barriers, a "search of the federal judiciary's Public Access to Court Electronic Records (PACER) service reveals that from February 7, 2019 through February 18, 2019, Plaintiff filed nine virtually identical actions against the same defendants named herein." *Emrit v. DeVos*, No. 1:20-CV-35 JAR, 2020 WL 833595, at *1 (E.D. Mo. Feb. 20, 2020) (citing cases). This suggests that Plaintiff is abusing the process and the privilege of proceeding *in forma pauperis*. The court warned Plaintiff two years ago that appropriate steps would be taken should it appear he is abusing the privilege. *See Emrit v. Paypal, et al.*, Case No. 8:18CV44 (D.Neb.), Memorandum and Order entered June 19, 2018 (Filing 7). *See also Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts."). Plaintiff should consider the filing of this lawsuit his "second strike."

The court agrees with district courts in other jurisdictions where Plaintiff has filed similar complaints that each of his claims is "conclusory, merely reciting the relevant law but drawing no logical connection between the factual allegations in the complaint and the legal claims." *Emrit v. DeVos*, No. CV 20-417 (UNA), 2020 WL

4

1676876, at *2 (D.D.C. Apr. 6, 2020) (internal quotations and citations omitted), *aff'd*, 811 F. App'x 5 (D.C. Cir. 2020).

> First, Emrit does not identify any contract that has been breached. Second, Emrit's constitutional and Title VII claims are based on the fact that he is African-American, but he draws no connection between his race and the garnishment of his disability checks beyond the conclusory contention that he is entitled to strict scrutiny. Third, while Emrit adequately alleges that he is disabled, his sole claim is that the garnishment of his disability checks violates the ADA, but there is no legal basis for this claim. *Lockhart v. United States*, 546 U.S. 142, 145-46 (2005) (stating that Social Security benefits are subject to government withholding to offset defaulted student loans). Finally, Emrit's three tort claims for negligence, intentional infliction of emotional distress, and tortious invasion of privacy merely recite the legal standards for those claims and, even liberally construed, do not draw a connection between the necessary elements of each claim and his factual allegations.

*Emrit v. Devos*, No. 2:20-MC-00316, 2020 WL 1279205, at * 1 (S.D. Tex. Feb. 19, 2020) (record citations omitted), *report and recommendation adopted*, No. 2:20-CV-52, 2020 WL 1272606 (S.D. Tex. Mar. 17, 2020) (dismissing complaint as frivolous).

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and therefore is subject to dismissal under 28 U.S.C. § 1915(e)(2). The court will not grant Plaintiff leave to amend because to do so would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's Complaint is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 24th day of August, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge